IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:19-cv-01010 |
| WILLIAM H. MIKULIN, individually and as Trustee of Mikulin Holdings Trust, and HARRIS COUNTY TAX ASSESSOR-COLLECTOR, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

# COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action (1) to reduce to judgment unpaid federal tax liabilities owed by William H. Mikulin and (2) to enforce the associated federal tax liens against certain real property belonging to him. For its Complaint, the United States alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant, William H. Mikulin resides in Houston, Texas.

3. Plaintiff is the United States of America.

4. Defendant, William H. Mikulin, the taxpayer and the Trustee of Mikulin Holdings Trust, resides at 8603 Manhattan Drive, Houston, Harris County, Texas 77096, within the jurisdiction of this Court.

5. Defendant, Harris County Tax Assessor-Collector is joined as a party as required by 26 U.S.C. § 7403(b) because she may claim an ad valorem tax lien interest in the property upon which the United States seeks to enforce its liens.

### THE SUBJECT PROPERTY

6. The title of the real property upon which the United States seeks to enforce its federal tax liens is owned in the name of William H. Mikulin and consists of the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 8603 Manhattan Drive, Houston, Texas 77096 (the "Real Property"). The legal description of the Real Property is as follows:

> Lot Twenty-seven (27), in Block Twenty-two (22) of Meyerland, Section Three (3), an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 50, Page 7 of the Map of Records of Harris County, Texas.

7. The transfers of title leading to the Real Property being owned in the name of William H. Mikulin are detailed in paragraphs 8-14.

8. On July 16, 2010, by General Warranty Deed recorded with the County Clerk of Harris County, Texas, Osama Abdullatif dba Latif & Company conveyed the Real Property to Yegua Trust.

9. On July 22, 2011, by General Warranty Deed recorded with the County Clerk of Harris County, Texas, Yegua Trust, by its Trustee, Barry W. Mikulin, conveyed the Real Property to Manhattan Street Trust.

10. On January 24, 2014, Harris County, on behalf of itself and certain county-wide taxing authorities, filed suit against Barry W. Mikulin, as Trustee of Manhattan Street Trust, to recover delinquent ad valorem taxes against the Real Property in the 334th Judicial District in the District Court of Harris County, Texas ("the Harris County District Court").

11. On December 30, 2014, by Quitclaim Deed recorded with the County Clerk of Harris County, Texas, Manhattan Street Trust, by its Trustee, Barry W. Mikulin, conveyed the Real Property to Mikulin Property Trust. On the same day recorded with the County Clerk of Harris County, Texas, is a Deed of Trust in which Mikulin Property Trust, by its Trustee, William H. Mikulin, purports to encumber the Real Property with a $3 million note payable to the Beneficiary, Mikulin Holdings Trust. Mikulin Holdings Trust's mailing address is c/o William H. Mikulin, Trustee.

12. On February 2, 2015, Harris County filed its Second Amended Petition against Barry W. Mikulin, as Trustee of Manhattan Street Trust, and against William H. Mikulin, as Trustee of Mikulin Property Trust and as Trustee of Mikulin Holdings Trust, to recover delinquent ad valorem taxes against the Real Property in the Harris County District Court.

13. On April 27, 2016, the Harris County District Court entered a Final Judgment against Barry W. Mikulin (In Rem Only), as Trustee of Manhattan Street Trust, and against William H. Mikulin (In Rem Only), as Trustee of Mikulin Property Trust and as Trustee of Mikulin Holdings Trust, ordering, among other things, that the Harris County taxing units recover from the Defendants delinquent ad valorem taxes against the Real Property and that the Real Property be sold.

14. On February 23, 2018, by Warranty Deed recorded with the County Clerk of Harris County, Texas, Mikulin Property Trust, by its Trustee, Barry W. Mikulin, conveyed the Real Property to William Hugo Mikulin.

## COUNT 1
### Judgment against William H. Mikulin for Tax Liabilities

15. On the following dates, a delegate of the Secretary of the Treasury made assessments against William H. Mikulin for federal income taxes and penalties for the tax year 2007 in the following amounts, which have balances due with accruals and costs as of February 13, 2019, totaling $107,829.87, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 02/13/2019 |
|---|---|---|---|---|
| 12/31/2007 | 07/21/2008 | Tax | $56,090.00 | $107,829.87 |
| | 05/04/2009 | Late Filing Penalty | $5,609.00 | |
| | 10/08/2018 | Late Payment Penalty | $14,022.50 | |

16. On the following dates, a delegate of the Secretary of the Treasury made assessments against William H. Mikulin for frivolous return penalties for the tax years 2005-2007 (collectively, "the frivolous return penalties") in the following amounts, which have balances due with accruals and costs as of February 13, 2019, totaling $21,173.36, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 02/13/2019 |
|---|---|---|---|---|
| 12/31/2005 | 09/28/2009 | Frivolous Return Penalty | $5,000.00 | $7,021.61 |
| 12/31/2006 | 09/28/2009 | Frivolous Return Penalty | $5,000.00 | $7,021.61 |
| 12/31/2007 | 05/11/2009 | Frivolous Return Penalty | $5,000.00 | $7,130.14 |
| | | | Total | $21,173.36 |

17.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the income tax liabilities for 2007 and the frivolous return penalties described above to William H. Mikulin.    After the application of statutory interest, penalties, other additions, fees, abatements, payments, and credits, these liabilities had an unpaid balance of $129,003.23 due of as of February 13, 2019.

18.     Despite notice and demand for payment, William H. Mikulin failed, neglected, or refused to fully pay the income tax liabilities for 2007 and the frivolous return penalties described above.

19.     This action has been commenced within the applicable statute of limitations. I.R.C. § 6502(a) provides that the statute of limitations for collection expires ten (10) years after the date of assessment.    On July 21, 2008, the Internal Revenue Service ("IRS") made an assessment against William H. Mikulin for the unpaid federal income taxes for the tax year 2007. Without any extensions or suspensions, the ten (10) year statute of limitations period for collection of this assessment would have expired on July 21, 2018.

20.     Under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended anytime the IRS is unable to collect the tax by levy or proceeding in court.    The IRS is prohibited from collecting the tax by levy or proceeding in court from the date the IRS receives a timely filed request for a Collection Due Process ("CDP") hearing to the date the taxpayer withdraws their request for a CDP hearing or the date the determination from Appeals becomes final, including, any court appeals. *See* Treasury Reg. 26 CFR 301.6330-1(g)(3) Ex. 1.

21.     William H. Mikulin timely submitted a CDP hearing request for tax year 2007, which the IRS received on March 19, 2010. The CDP hearing request was resolved by Appeals on November 20, 2010.    Therefore, the statute of limitations for collection of the federal income

taxes for the tax year 2007 does not expire until after March 24, 2019, which is calculated as follows:

| | |
|---|---|
| Original assessment for tax year 2007: | July 21, 2008 |
| plus 10 years on original collection statute: | July 21, 2018 |
| plus 246 days due to CDP hearing request for tax year 2007: | March 24, 2019 |

22. The ten (10) year statute of limitations period for collection of the assessments for the frivolous return penalties for 2005 and 2006 do not expire until September 28, 2019, and for 2007 until May 11, 2019.

23. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that William H. Mikulin is liable to the United States for income tax liabilities arising out of 2007 and penalties arising out of 2005, 2006, and 2007 in the amount of $129,003.23, as of February 13, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT 2
### Enforcement of Federal Tax Liens

24. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by William H. Mikulin to pay the tax liabilities described above after notice and demand, federal tax liens arose on the dates of the assessments, and attached to all the property and rights to the property belonging to, and thereafter acquired by, William H. Mikulin, including, the Real Property.

25. Additionally, the IRS publicly filed Notices of Federal Tax Lien ("NFTL") in accordance with 26 U.S.C. § 6323(f) with the County Clerk of Harris County, Texas in regard to the tax liabilities described above on the following dates:

| Type of Tax | Tax Periods Ending | Date NFTL Filed |
|---|---|---|
| Income | 12/31/2007 | 02/09/2010; 03/13/2018 |
| Frivolous Return Penalty | 12/31/2005;12/31/2006;12/31/2007 | 02/09/2010 |

26. Pursuant to 26 U.S.C. § 7403, the United States is entitled to foreclose or enforce the federal tax liens described in above against the Real Property and have the entire Real Property sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Real Property; second, to Defendant, Harris County Tax Assessor-Collector to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described above; and fourth, to the other parties in accordance with the law, or as otherwise determined by the Court in accordance with the law.

## PRAYER

WHEREFORE, the United States of America prays for a judgment determining:

A. That William H. Mikulin is liable to the United States for the income tax liabilities of the tax year 2007, as well as the frivolous return penalties for 2005, 2006, and 2007, totaling $129,003.23 as of February 13, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B. That the federal tax liens securing the liabilities described in this Complaint shall be foreclosed or enforced against the Real Property by ordering the sale of the entire Real Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of

redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Real Property; second, to Defendant Harris County Tax Assessor-Collector to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities set forth above; and fourth, to the other parties in accordance with the law, or as otherwise determined by the Court in accordance with the law; and

C. That awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By: /s/ Holly M. Church
HOLLY M. CHURCH
Attorney, Tax Division
State Bar No. 24040691
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-2432
(214) 880-9742 (FAX)
Holly.M.Church@USDOJ.gov

ATTORNEYS FOR THE UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Med. Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | ❏ 791 Empl. Ret. Inc. Security Act | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | **Habeas Corpus:** | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 530 General | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.         Example:         U.S. Civil Statute: 47 USC 553
                                    Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.