United States District Court
Southern District of Texas
**ENTERED**
June 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff*, | §<br>§<br>§ |
| v. | § CIVIL ACTION NO. 4:19-CV-1010 |
| | § |
| WILLIAM H. MIKULIN, INDIVIDUALLY AND AS TRUSTEE OF MIKULIN HOLDINGS TRUST, YEGUA TRUST, AND TEXAS REDEMPTIVE TRUST, HARRIS COUNTY TAX ASSESSOR-COLLECTOR, AND BARRY W. MIKULIN, AS TRUSTEE OF RLD INVESTMENT TRUST AND YEGUA TRUST,<br>  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ |

## **MEMORANDUM, RECOMMENDATION, AND ORDER**

This case to collect federal taxes and enforce tax liens is before the Court on the United States of America's Motions for Summary Judgment.[1]  ECF 60, 65.  Also pending is the United States of America's Motion for Sanctions (ECF 81) and Defendant William Mikulin's Motion to Dismiss (ECF 85).  Having considered the parties' submissions and the law, the Court recommends the United States' motions be GRANTED, Mikulin's motion be DENIED, and judgment be entered in favor of the United States against all Defendants.

### **I.    Background**

The United States has presented evidence that William H. Mikulin's (Mikulin's) 2007 individual income tax liability, with penalties and interest calculated through October 17, 2020, totals $117,018.45.  With interest through October 17, 2020, Mikulin owes frivolous return penalties for tax years 2005-07 in the amount of $22,929.40.  Defendant Yegua Trust's 2007 Estate and Trusts Income Tax liability, including interest through October 17, 2020 and penalties, is

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 55.

$1,110,755.64 and its 2009 Estate and Trusts Income liability, including interest through October 17, 2020 and penalties, is $256.03. Defendant RLD Investment Trust (RLD) has a 2008 Estate and Trusts Income Tax liability, including interest through October 17, 2020 and penalties, of $4,874,244.71. Defendant Texas Redemptive Trust has a 2008 Estate and Trusts Income Tax liability, including interest through October 17, 2020 and penalties, of $1,430,526.08.

The U.S. has also presented evidence showing that Yegua acquired 8603 Manhattan Drive, Houston, Texas 77096 (Property) by Warranty Deed dated July 13, 2010. The Property is encumbered by an IRS tax lien for Yegua's 2007 and 2009 tax liabilities. By General Warranty Deed dated February 8, 2011 and recorded on July 22, 2011, the Trustee of Yegua Trust, Barry W. Mikulin conveyed the Property to Manhattan Street Trust. By Quitclaim dated December 23, 2014, Barry W. Mikulin as Trustee of Manhattan Street Trust conveyed the Property to Mikulin Property Trust. By Warranty Deed dated January 1, 2018 Barry W. Mikulin as Trustee of Mikulin Property Trust conveyed the Property to William Hugo Mikulin. By Warranty Deed dated January 2, 2018, William Mikulin conveyed the Property to William H. Mikulin, Trustee of Mikulin Property Trust.

The United States filed suit on March 19, 2019 to reduce to judgment Defendants' federal tax liabilities (Claims 1-4), to set aside Yegua's 2011 fraudulent transfer of the Property (Claim 5), and to foreclose federal tax liens encumbering the Property (Claim 6). The Harris County Defendants have answered the United States' First Amended Complaint (ECF 58) and have filed a claim for ad valorem taxes on the Property in the amount of $91,631.10.

The United States has filed a Motion for Summary Judgement on Claims 1-4 (ECF 60) and a Motion for Summary Judgment on Claims 5-6 (ECF 65). The United States seeks judgment against (1) William H. Mikulin in the amount of $139,944.85; (2) William H. Mikulin, as Trustee

of Texas Redemptive Trust in the amount of $1,430,526.08; (3) William H. Mikulin and Barry W. Mikulin jointly as Trustees of Yegua in the amount of $1,111,011.67; (4) Barry W. Mikulin, as Trustee of RLD, in the amount of $4,874,244.71; and (5) for statutory prejudgment and post-judgment interest on these awards from October 17, 2020 until paid.  The U.S. further seeks judgment setting aside Yegua's transfer of the Property to Manhattan Street Trust and ordering the judicial sale of the Property with proceeds applied first to costs of sale, second to the claim of Harris County Taxing Authorities, and third to Yegua's 2007 and 2009 federal tax liabilities.

## II.     Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).  Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party.  *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).  "An issue is material if its resolution could affect the outcome of the action."  *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).  If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor.  *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).  In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the

evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

### III. Analysis

The United States is entitled to summary judgment on all its claims against Defendants for several reasons.

#### A. Default Judgment Against the Trusts

On January 27, 2021, the Court entered an Order granting the United States' Motion to Strike the answers filed on behalf of Yegua Trust, Texas Redemptive Trust, and RLD Investment Trust. ECF 77. The Trusts have not filed an appearance of Counsel, have not filed proper answers to the Complaint or First Amended Complaint, and have not responded to the current motions.

By reason of their default, the Trusts have admitted all the United States well-pleaded factual allegations. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). The Court finds that default judgment is procedurally warranted; the United States' First Amended Complaint sets forth facts sufficient to establish the right to relief; and the United States is entitled to the relief it seeks reducing the Trusts' tax liabilities to judgment, setting aside fraudulent transfer, and foreclosure on the Property. *See Neutral Gray Music, et al. v. Tri-City Funding & Management LLC et al.*, No. 4:19-CV-04230, 2021 WL 1521592, at *2 (S.D. Tex.

Mar. 30, 2021) (exercising discretion to enter default judgment where the three factors set forth above are met).

### B. Rule 37 Sanctions Against the Mikulins

On January 27, 2021, the Court ordered Defendants William H. Mikulin and Barry W. Mikulin to produce documents. ECF 76. Because the Mikulins did not comply with that Order, the United States has moved for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2). ECF 81. The United States seeks an order (1) striking William H. Mikulin's Restricted Answer (ECF 31); (2) directing that the facts asserted by the United States in its First Amended Complaint and Motions for Summary Judgment are taken as true; and (3) entering either default or summary judgment in the form proposed by the United States. Defendants not only failed to comply with the Court's January 27, 2021 Order, they consistently failed to respond to the United States' pleadings and, as noted below, filed multiple documents to obstruct and delay the progress of the case. Under these circumstances, the requested Rule 37(b)(2) sanctions should be granted. *See Calsep, Inc. v. Intellgient Petroleum Software Sols., LLC*, No. 4:19-CV-1118, 2020 WL 7249831, at *3 (S.D. Tex. Nov. 18, 2020), *report and recommendation adopted*, No. 4:19-CV-1118, 2020 WL 7247781 (S.D. Tex. Dec. 8, 2020) (court may enter default judgment as Rule 37 sanction for a willful or bad faith discovery violation where a lesser sanction would not achieve the desired deterrent effect).

### C. Summary Judgment on the Merits

No Defendant filed a meaningful response to the United States' Motions for Summary Judgment. William Mikulin filed an Affidavit (ECF 66) and a Response to the Motion for Summary Judgment on Claims 5 and 6 (ECF 67). However, neither filing creates a genuine issue of material fact on any element of the United States' claims for back taxes (claims 1-4), fraudulent

5

transfer (claim 5), or foreclosure (claim 6). Thus, even if the Court were not inclined to enter default judgement or award summary judgment as a sanction, the United States' Motion for Summary Judgment should be granted.

The United States supports its claims to reduce Defendants' tax liabilities to judgment with Form 4340 Certificates of Assessments and Declarations from IRS Advisor, Technical Services, CEASO, Kimberly A. McGuire, and IRS ATAT Revenue Officer Miguel A. Pineda. ECF 60-2. Form 4340 is "presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992); *United States v. Spacek*, 30 F.3d 1492 (5th Cir. 1994) (per curiam dismissal of appeal from summary judgment based on presumptive proof of a valid assessment not rebutted by taxpayer).

The United States also seeks foreclosure on the Property to satisfy Yegua's 2007 and 2009 tax liability. The United States seeks foreclosure under two theories. First, it contends that Yegua's February 2011 transfer of the Property to Manhattan Street Trust was a null and void fraudulent transfer pursuant to Tex. Bus. & Com. Code § 24.005(a)(1). Second, it seeks foreclosure pursuant to 26 U.S.C. § 6321 and Treasury Regulation § 301.6321-1 because the Property is encumbered by statutory tax liens securing Yegua's income tax liabilities assessed on February 2, 2009 ($222,346), June 20, 2011 ($587,739), and May 9, 2011 ($496). These tax liabilities were assessed before the July 2011 recording of the General Warranty Deed purporting to transfer the Property from Yegua to Manhattan Street Trust. Therefore, the United States contends the statutory liens are enforceable, regardless of whether the transfer of the Property from Yegua to Manhatten Street Trust was fraudulent. *See United States v. Bess*, 357 U.S. 51, 57 (1958) ("The transfer of property subsequent to the attachment of the lien does not affect the lien, for it is

of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes *cum onere* . . ..").

To support its fraudulent transfer claim under § 24.005(a)(1), the United States must show that the transfer was made with the intent to hinder, delay, or defraud the United States. The United States may meet this burden with evidence of what are known as "badges" of fraud, including whether the transfer was to an insider; allowed the debtor to retain possession; was made at or around the time of incurring substantial debt; was for less than reasonably equivalent value. *Id.* § 24.005(b). "An individual badge of fraud is not conclusive, but a concurrence of many [badges] in the same case will always make out a strong case of fraud." *United States v. Washington*, No. CIV.A. H-09-3996, 2011 WL 3902737, at *13 (S.D. Tex. Sept. 6, 2011) (alteration in original; citation omitted).

Yegua acquired the Property in July 2010. Barry W. Mikulin, William Mikulin's brother, serves as Trustee of both Yegua and the 2011 transferee, Manhattan Street Trust. Without doubt, the 2011 transfer of the Property occurred between "insiders." In addition, Barry Mikulin and William Mikulin transferred the Property between their respective Trusts and/or William Mikulin individually at least two more times in short order. *See* ECF 65-2. Yegua had incurred substantial federal tax liabilities before it acquired the Property in 2010 and before the February 8, 2011 General Warranty Deed was executed. Shortly after the February 8, 2011 General Warranty Deed was executed, the IRS assessed an additional over one-half million dollars in delinquent taxes against Yegua.

Because the Mikulins failed to respond to the United States' Requests for Admissions, they are deemed to have admitted that Yegua transferred the Property to Manhattan Street Trust for less than reasonably equivalent value with the intent to hinder, delay, or defraud the United States.

FED. R. CIV. PRO. 36(a)(3); ECF 65-2 at 26-80. The facts of record support a finding that the February 8, 2011 General Warranty Deed, recorded on July 8, 2011, was fraudulent and is null and void as to the United States. The United States is entitled to foreclose on the Property pursuant to 26 U.S.C. § 7304. Having found that the transfer was fraudulent, the Court need not address the United States argument under 26 U.S.C. § 6321.[2]

### D. Mikulin's Rule 41(b) Motion

To the extent Mikulin's "Motion to Dismiss for Involuntary Dismissal Rule 41(b)" (ECF 85) can be construed as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court recommends it be denied.[3] As the United States points out, Title 26 U.S.C. §§ 7402, 7403 and 28 U.S.C. §§ 1331, 1340, and 1345, provide the Court with jurisdiction to reduce federal tax liabilities to judgment and to enforce federal tax liens against real property.

### E. Order Striking Filings

Mikulin has filed a litany of frivolous motions and documents which achieve no purpose, litter the docket, and at times required the United States, out of an abundance of caution, to respond to incomprehensible assertions. The following filings are not proper pleadings, have no basis in law or fact, and the Court ORDERS them to be stricken from the record:

    ECF 42 (Defendants' Order to Move)

---

[2] The February 2, 2009 assessment of $222,346 created an enforceable tax lien against the Property because it occurred prior to the February 2011 transfer. 26 U.S.C. § 6321; 26 U.S.C. § 7403(a) (authorizing the United States to enforce federal tax liens again "any property, of whatever nature," belonging to the delinquent taxpayer). The February 2011 transfer from Yegua to Manhatten Street Trust was not recorded until July 22, 2011—after additional assessments against Yegua on June 20, 2011 ($587,739), and May 9, 2011 ($496). The February 2011 transfer, recorded on July 22, 2011, is void as to the United States with respect to all assessments that pre-date the recording of the transfer. *United States v. Key*, 308 F. Supp. 2d 727, 730 (N.D. Tex. 2004) (citing Texas Property Code § 13.001, which provides that a conveyance of real property is void as to a creditor unless "the instrument has been acknowledged, sworn to, or proved and filed for record as required by law," to hold that property was encumbered by tax liens at the time the transfer was recorded). However, because the Court finds the transfer to have been fraudulent, and there are other grounds for summary judgment, it need not fully address this issue.

[3] The motion cannot be construed as a motion under Federal Rule of Civil Procedure 41(b), which provides for dismissal upon Defendants' motion "if the plaintiff fails to prosecute or to comply with these rules or a court order."

8

ECF 56 (Second Order to Move)

ECF 61 (Non-Negotiable Notice of Acceptance)

ECF 70 (Commercial Notice Appointment of Fiduciary Debtor)

ECF 71 (Commercial Notice Appointment of Fiduciary Debtor)

ECF 74 (Marked up copy of ECF 74 designated a reply, among other things)

ECF 75 (Notice Revocation of Wills – Codicils- Power of Attorney Previous Issued)

ECF 79 (Writ and Praecipe to the Clerk)

ECF 80 (Notice of Revocation of Wills – Codicils (Cestui Que Vie Trust)

ECF 82 (Notice of Revocation of Wills – Codicils (Cestui Que Vie Trust)

ECF 83 (Writ and Praecipe to the Clerk)

ECF 84 (Notice of Claim of Right of Subrogation For Court Bond Found in Fund with Cusip Number: 693391237)

ECF 86 (Notice of Claim of Right of Subrogation For Court Bond Found in Fund with Cusip Number: 693391237)

ECF 90 (Copy of U.S.'s filing ECF 88 with heading "Title 1, Ch. 2 §2.602(a) Rejection of goods for enticement into involuntary servitude, N.S.F.")

ECF 91 (Certificate of Delivery, appearing to indicate return of mail to the clerk)

ECF 92 (Special Deposit Affidavit of Ownership)

## IV. Conclusion, Recommendations, and Order

For the reasons stated above, the Court recommends that the United States of America's Motions for Summary Judgment (ECF 60, 65) be GRANTED and Defendants' Motion to Dismiss (ECF 85) be DENIED. Further, the United States should be authorized to conduct a judicial sale of the Property with proceeds applied first to costs of sale, second to the claim of Harris County

Taxing Authorities, and third to Yegua's 2007 and 2009 federal tax liabilities. Any surplus proceeds should be paid into the Registry of the Court pending a determination of entitlement to the surplus proceeds.

In the event the enforcement of tax liens by foreclosure is stayed due to the COVID-19 pandemic at the time of entry of final judgment, the U.S. may file a motion to lift the stay for good cause.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 02, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge