United States District Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>    *Plaintiff*, §<br> §<br>v.  §<br> §<br>WILLIAM H. MIKULIN, INDIVIDUALLY AND AS §<br>TRUSTEE OF MIKULIN HOLDINGS TRUST, §<br>YEGUA TRUST, AND TEXAS REDEMPTIVE TRUST, §<br>HARRIS COUNTY TAX ASSESSOR-COLLECTOR, §<br>AND BARRY W. MIKULIN, AS TRUSTEE OF RLD §<br>INVESTMENT TRUST AND YEGUA TRUST, §<br>    *Defendants*. § | CIVIL ACTION NO. 4:19-CV-1010 |

## MEMORANDUM AND RECOMMENDATION

### I.   Background

On June 24, 2021, the Court entered Final Judgment against Defendants William H. Mikulin (Mikulin), Yegua Trust, Texas Redemptive Trust, and RLD Investment Trust. ECF 98. The Final Judgment authorized the United States to conduct a judicial sale of the property located at 8603 Manhattan Drive, Houston, Texas 77096 (Property) to enforce its tax liens securing Yegua Trust's 2007 and 2009 federal tax liabilities. *Id.* On May 5, 2022, the Fifth Circuit dismissed the appeals by Yegua Trust, Texas Redemptive Trust, and RLD Investment Trust and affirmed the judgment against William H. Mikulin. *U.S. v. Mikulin*, No. 21-20378, 2022 WL 1421828 (5th Cir. May 5, 2022). Defendants did not pursue a further appeal.

Currently pending before the Court are the United States of America's Motion for Order to Appoint Receiver to Sell 8603 Manhattan Drive and to Vacate the Property (ECF 114). Mikulin filed a Response and Objection to the United States' Motion. ECF 118. As part of his Response and Objection Mikulin seeks relief, pursuant to Federal Rule of Civil Procedure 60(b) and 60(d)(3), from the Final Judgment rendered in this case. ECF 118. For the reasons set forth below, the

Court RECOMMENDS that the United States' Motion for Order to Appoint Receiver be GRANTED, and to the extent Mikulin seeks relief from the Final Judgment pursuant to Rule 60, it be DENIED.

## II.     Analysis

### 1.  Mikulin has not set forth a valid objection to the appointment of a receiver.

Mikulin's Response and Objection to the United States' Motion to Appoint a Receiver consists of an argument that he is entitled to relief from the Final Judgment. His Response moves the Court to void the Final Judgment "pursuant to FRCP 60(b) Grounds for Relief from a Final Judgment or Order and FRCP 60(d)(3) set aside a judgment for fraud on the court[.]" ECF 118 at 2. Mikulin argues for relief from the Final Judgment based on "new information" he allegedly "just discovered." ECF 118 at 1, 4. The "new information" consists of a report from the Treasury Inspector General For Tax Administration (TIGFTA report). ECF 118 at 7-41. Mikulin alleges the TIGFTA report demonstrates that the Final Judgment was "issued in error" because the IRS "was not allowed to foreclose on a principal residence if it were to cause the taxpayer an economic hardship. ECF 118 at 1. Mikulin argues that allowing the enforcement of the Final Judgment will create economic hardship for him because he "is sixty-eight years old, unemployed, and has no financial assets in which to obtain another residence[.]" *Id.* at 2.

The burden is on the moving party to establish at least one of the grounds set forth in Rule 60(b). *Bahsoon v. Wells Fargo Bank*, NA, No. 3:12-CV-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013). The decision to grant relief from a judgment under Rule 60 is within the Court's discretion. *Id.*; *Haskett v. W. Land Servs., Inc.*, 761 F. App'x 293, 295 (5th Cir. 2019) ("We review the denial of a Rule 60 motion for abuse of discretion."). Mikulin has not shown that he is entitled to relief under Rule 60(b).

First, to the extent Mikulin's Response is a Rule 60(b) motion based on newly discovered evidence, it is untimely. A Rule 60(b) motion must be brought "within a reasonable time," but any motion premised on mistake (Rule 60(b)(1)), newly discovered evidence (Rule 60(b)(2)), or fraud (Rule 60(b)(3)) must be brought "no more than a year after entry of the judgment." FED. R. CIV. P. 60(c)(1). The Court entered Final Judgment on June 24, 2021. ECF 98. Mikulin filed his Rule 60(b) Motion on February 24, 2023, more than one year after the entry of the Final Judgment. Therefore, Mikulin's Motion is untimely.

Moreover, Mikulin has not presented a basis for relief from judgment under any provision of Rule 60. The TIGFTA report carries no statutory or legal authority and is merely a report of an audit conducted by the Treasury Inspector General For Tax Administration. While the objective of the TIGFTA audit was "to determine whether the IRS was properly pursing suits to foreclose" (ECF 118 at 29), nothing in the report affects or invalidates the Final Judgment in this case. The report contains recommendations to which the IRS provided "Management's Response." The Management's Response is the only document Mikulin attaches to his Response that reflects official IRS policy. *See Byers v. Intuit, Inc.*, 600 F.3d 286, 297 (3rd Cir. 2010) (stating "[b]y law, the views expressed in the TIGTA report do not reflect official IRS policy, . . . whereas the views expressed in the Management Response do reflect the official policy and perspective of the IRS.") (internal citations omitted). Even if the TIGFTA report included a finding that the IRS should never foreclose on a primary residence in order to satisfy a tax obligation, which it does not, Mikulin cites no authority which accords the TIGFTA report the force of law nor does he provide any evidence demonstrating how it would have changed the judgment obtained by the United States in this case.[1]

---

[1] Mikulin lists six conclusory statements claiming he did not receive due process protections from the IRS to which he claims the TIGTA report says he was entitled and asks the Court to take judicial notice of the "evidence." ECF 118

Finally, Mikulin has failed to present any evidence of fraud on the Court as required for relief under Rule 60(d)(3). Because Mikulin has failed to carry his burden to show he is entitled to avoid the Final Judgment in this case on any grounds set forth in Rule 60, the Court RECOMMENDS that Mikulin's Motion as set forth in his Objection and Response (ECF 118) be DENIED.

### 2. The Court should appoint a Receiver to market and sell the property.

The United States seeks appointment of Kevin Riles as Receiver because a sale of the Property by an experienced licensed real estate broker, acting as a receiver, "is likely to yield a higher sales price than would an auction sale pursuant to 28 U.S.C. § 2001." ECF 114 at 3. The Harris County Tax Assessor-Collector does not oppose the appointment of Kevin Riles as Receiver. *Id.* The United States further seeks an order requiring Mikulin and all occupants to vacate the Property within 30 days of service of the Order Appointing Kevin Riles as Receiver because their occupancy "is likely to substantially impede the Government's efforts to market and sell the Property." *Id.* at 1.

As set forth in the United States' Motion, pursuant to 26 U.S.C. § 7402(a) and § 7403(d) the Court maintains the authority to appoint a receiver to sell the Property.[2] The Declaration of Kevin Riles establishes that he has been a licensed real estate broker in Texas since October 2000 and has brokered more than 3,500 transactions. ECF 120. He also provides an estimated value for the property of between $1 million and $1.2 million dollars. *Id.* The Court also agrees with

---

at 3-4. As pointed out by the United States in its Reply, Mikulin failed to supply any information establishing the alleged "facts" in a way that would allow the Court to take judicial notice of them. *See* ECF 119.

[2] Section 7402(a) provides that "The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Section 7403(d) provides that "at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity."

the United States that the presence of William and Barry Mikulin and any other occupants of the property will substantially impede the efforts to market and sell the property. Therefore, the Court RECOMMENDS that the United States of America's Motion for Order to Appoint Receiver to Sell 8603 Manhattan Drive and to Vacate the Property (ECF 114) be GRANTED, and that the District Court approve the Order Appointing Kevin Riles as Receiver of 8603 Manhattan Drive and to Vacate the Property in the form attached to the Motion (ECF 114-3).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 06, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge